STATE OF VERMONT

ENVIRONMENTAL COURT

}
In re: Appeal of                        }
  Albert Parmenter                      }          Docket No. 149-8-99 Vtec
                                        }
                                        }

Decision and Order on Cross-Motions for Partial Summary Judgment

Appellant Albert Parmenter appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Montgomery granting in part and denying in part his application for a variance for a fence.  Appellant is represented by Barry Kade, Esq.; the Town is represented by Amanda S.E. Lafferty, Esq.; Interested Parties Robert Goodchild and Sylvia Millar appeared and represent themselves, but did not file memoranda on the pending motions.  Appellant and the Town filed cross-motions for partial summary judgment on the question of whether the Town's zoning ordinance ("Bylaws and Regulations") properly allow the Town to prohibit fences within the setback area or to require that a variance be obtained.

Appellant's property is a 2.38-acre U-shaped parcel with frontage on the ends of the U on  Vermont Route 118, and surrounding three smaller residential parcels also with frontage on Route 118.  It is located in the Village-1 zoning district.  Appellant proposes to erect a fence at the boundary around the inside of the U.  The fence perpendicular to Route 118 at the Parmenter/Goodchild line was proposed to be a six-foot-high stockade fence, while the other segment of fence perpendicular to Route 118, and the entire fence parallel to Route 118 at the rear of the interior properties, was proposed to be a four-foot-high picket fence.

The setback requirements for the V-1 zoning district, found in §II(5)(b)(3), are 10 feet from the edge of the right-of-way for the front yard setback, 10 feet from the lot line for the side yard setback, and 20 feet from the lot line for a rear yard setback.  "Setback" is defined as measured from the lot line or right-of-way to a "structure."  As "front yard" is defined as the portion of a lot between the road or right-of-way and a parcel's structure, all

1

of the setbacks in which the fence is proposed would be defined as side setbacks.

The term "yard" is defined in §I(H)(70):

Space on a lot not occupied with a structure. Porches, whether enclosed or unenclosed, and decks, shall be considered as part of the main building and shall not project into a required yard. The required yard distances shall be determined in the same manner as the setback.

The term "structure" is defined in §I(H)(65) specifically to include non-farm fences:

An assembly of materials for occupancy or use, including, but not limited to, a building, mobile home or trailer, billboard, sign, tennis court, swimming pool, satellite dish, and a wall or fence, except a wall or fence on an operating farm.

Unlike the zoning ordinances of many other towns, the Montgomery ordinance does not exclude fences from regulation within the yard or setback area.

Appellant argues that the Town may not regulate boundary fences by this type of embedded definition, as Vermont property owners have a constitutional right not only to acquire and possess property, but also to protect it. Vermont Constitution, Chapter I, Article I. However, the Montgomery ordinance does not prohibit the fencing of property, it merely regulates it. Farm fencing is not regulated at all. Non-farm fences are not restricted beyond the setback area. Nor are non-farm fences prohibited within the setback area. Rather, if non-farm fences within the setback area are pre-existing, they may be maintained and even moved, enlarged, extended or altered, under the provisions of §II(D)(18) and (19). If non-farm fences within the setback area are not-preexisting, then under the present Montgomery zoning ordinance an applicant must qualify for a variance[1]

---

[1]The Court notes that all five criteria must be met for an applicant to qualify for a variance, which is often difficult. If the Town wishes simply to provide that applicants for boundary fences must obtain prior permission of the ZBA, it may wish to consider an

to be allowed to erect them within the setback area.

Accordingly, based on the foregoing, Appellant's Motion for Partial Summary Judgment is DENIED and the Town's Motion for Partial Summary Judgment is GRANTED. The Town's zoning ordinance may exclude fences within the setback area, except for applicants who qualify for pre-existing nonconforming status, or qualify for a variance. This matter will be set for its hearing on the merits of the variance application, unless Appellant has a claim to preexisting status for any portion of this fence, and wishes to apply under §II(D)(19). Due to Mr. Goodchild's difficulty in hearing, we will not attempt a telephone conference, but the Court requests that he inform the Court in writing as to any special requirements he may have in order to be able to participate at the hearing itself.

Done at Barre, Vermont, this 5th day of April, 2000.

_____
Merideth Wright
Environmental Judge

_____
amendment to its conditional use ordinance or an amendment to its definition of the term "yard" or "structure." It is not for this Court, however, to rewrite the Town's ordinances.